Argued and submitted July 17, 1992, affirmed November 3, 1993

## Maxine NIGHTINGALE,
*Appellant,*

*v.*

## Robert JEFFREYS
## and Reva J. Jeffreys,
*Respondents.*

(90-0935; CA A69925)

862 P2d 589

Karen M. Werner argued the cause for appellant. With her on the brief was Emmons, Kropp, Kryger, Alexander & Egan, P.C.

Brian D. Stine argued the cause for respondents. With him on the brief was Atherly, Butler & Burgott.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff appeals from the judgment for defendants in this personal injury action. We affirm.

Plaintiff is a woman who was in her seventies at the time of the material events. In the mid-1980's, in connection with her volunteer work with elderly people, she met defendant Reva Jeffreys' aged father, Herbert Hughes, and defendants. She was a frequent guest in defendants' home. In the early evening of August 5, 1988, she was injured at a social event at defendants' home when she moved her chair backward, stood up and fell from the edge of a raised outdoor deck.

Plaintiff's theory of the case was that she was at the party as a "business invitee" of defendants, for the purpose of attending to Hughes and serving as his companion. She contended, alternatively, that defendants breached the duty they owed her, even if she was a social guest and, as such, a licensee. At trial, defendants moved for a directed verdict, arguing that there was no evidence to support a finding of liability on either of plaintiff's alternative theories. The trial court agreed and granted the motion. In her first assignment of error, plaintiff contends that the court erred in that ruling.

■ We agree with the trial court that there was no evidence tending to show that plaintiff was an invitee rather than a licensee. Her arguments to the contrary are based on the fortuity of how she came to know Hughes and defendants. There was no evidence that, at the time of the injury, she was on defendants' premises for a commercial rather than a social purpose, or was anything other than a social guest at a social event. *See Taylor v. Baker*, 279 Or 139, 146-48, 566 P2d 884 (1977); *Parker v. Hult Lumber & Plywood Co.*, 260 Or 1, 488 P2d 454 (1971).

■ Plaintiff argues further under her first assignment that, even if she were a licensee, there was sufficient evidence to permit the jury to find that defendants breached their standard of care by failing to "warn of [a] pitfall or trap known to the occupier which might cause injury to the licensee notwithstanding the use of reasonable care by the licensee." *Ragnone v. Portland School Dist. No. 1J*, 291 Or 617, 621, 633 P2d 1287 (1981). We do not agree that the evidence permitted that inference. Rather, it showed that the

accident occurred during daylight hours on a summer evening, and that the characteristics of the deck were readily discernible to plaintiff without warning from defendants. *See Bergman v. Cook*, 245 Or 163, 169, 421 P2d 382 (1966).[1]

■        Plaintiff also asserts that defendants owed her a higher duty, because she regards her injury as arising from an activity on defendants' land rather than from a condition of the premises. She contends that, when an activity is involved, the occupier's duty to a social licensee is essentially the same as the duty owed an invitee. She relies on *Ragnone v. Portland School Dist. No. 1J, supra*, but we find no support for her thesis in that case. The court in *Ragnone* discussed the distinction between activities and conditions and agreed that the line was fuzzy. In this case, however, the "activity" of hosting a social event on the deck was incidental; the condition of the deck precipitated the injury. To hold that defendants were engaged in an "activity" within the meaning of *Ragnone* under these circumstances would effectively eliminate the distinction between the duties owed to business and social guests. The Supreme Court's decisions do not permit us to do that.

The trial court did not err by directing the verdict. We reject plaintiff's first assignment, and her second fails for reasons that require no separate discussion.

Affirmed.

---

[1] We reject without discussion plaintiff's suggestion that there was evidence of gross negligence on defendants' part.